**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MARTIN ADONIS ULLOA GOMEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2283-HE** |
| | ) | |
| **WARDEN, Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Martin Adonis Ulloa Gomez, a noncitizen[1] and Salvadoran national proceeding pro se, filed an Amended Petition for Writ of Habeas Corpus ("Amended Petition"), Doc. 7, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE").[2] United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set an expedited briefing schedule, Doc. 9, and the Amended Petition is at issue. For the reasons below, the undersigned recommends that the Court grant the Amended Petition in part and order Respondents to provide Petitioner a bond

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Although the Amended Petition's caption states it was filed by a next friend of Petitioner, the undersigned previously declined to recognize Briceida Marisol Rivas Crespo as Petitioner's next friend. Doc. 6 at 3. Petitioner adopted the allegations originally made on his behalf by Ms. Crespo and signed the Petition as required. Am. Pet. at 8.

hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

## I. **Background**

Petitioner, a citizen of El Salvador, entered the United States at an unknown time and location. ICE recently detained him (at an unidentified time), and he remains in ICE custody. Am. Pet. at 6.[3] And ICE has placed Petitioner into removal proceedings. *See* EOIR, Automated Case Information, at https://acis.eoir.justice.gov/en/ (last visited Oct. 30, 2026).

Respondents contend Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A) but acknowledge "this matter is controlled by the Tenth Circuit's opinion in *[Santillan] Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)." Resp. at 1. On October 9, 2026, Petitioner was scheduled for a bond hearing before an Immigration Judge ("IJ"), but he "chose to withdraw his request for a bond hearing in order to gain more time to collect evidence to present," Doc. 12 at 1; *see* Doc. 12-1 (Order of IJ); Doc. 14 (audio recording of IJ proceeding). Despite Petitioner's withdrawal of his request for a bond hearing, Respondents concede "the appropriate remedy for his habeas Petition remains the remedy provided for in *[Santillan] Quiroz*." Doc. 12 at 1.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Am. Pet. at 1, 6. He remains detained there. *See* ICE

---

[3] Citations to all filings use the CM/ECF page numbers in the documents' headers.

Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 30, 2026).

## II. Petitioner's Claim

Petitioner challenges "his present and continued immigration detention" with ICE. Am. Pet. at 6. He alleges he has "significant family ties in the United States," and "his continued detention separates him from his children while his immigration proceedings remain pending." *Id.* (citation modified) Petitioner requests "immediate release" from ICE custody or "a prompt individualized bond hearing to determine whether his continued detention is necessary." *Id.* at 7.

The undersigned liberally construes Petitioner's claim to allege his continued detention without a bond hearing violates the Immigration and Nationality Act ("INA") and that 8 U.S.C. § 1226(a) properly governs his detention. Respondents agree the Petition challenges the statutory basis for Petitioner's detention. *See generally* Resp. at 1-2.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

The Tenth Circuit recently applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz*, 180 F.4th at 1235-49. The Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Respondents acknowledge, despite Petitioner's recent withdrawal of his request for a bond hearing, that "the appropriate

remedy for his habeas Petition remains the remedy provided for in *[Santillan] Quiroz*." Doc. 12 at 1 (citing 180 F.4th 1226). Therefore, based on Tenth Circuit precedent and Respondents' acknowledgement, the Court should apply § 1226(a) to govern Petitioner's current detention. *See Pupo Socarras v. Figueroa*, No. CIV-26-571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner was entitled to a bond hearing under § 1226(a)).[4]

**B. The proper remedy is a bond hearing.**

Petitioner seeks "immediate release" from ICE custody or a "prompt individualized bond hearing to determine whether his continued detention is necessary." Am. Pet. at 7. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing

---

[4] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guadian*, 190 F.4th 305, 334-35 (4th Cir. 2026); *Buele Morocho v. Warden, Phila. FDC*, 189 F.4th 287, 304 (3d Cir. 2026); *Guerrero Orellana v. Moniz*, 188 F.4th 1, 20-21 (1st Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). The Supreme Court has granted certiorari on this issue. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub. nom. Rhoney v. Barbosa da Cunha*, --- S. Ct. ----, 2026 WL 2942994 (Mem) (Oct. 1, 2026).

or else release him."). Therefore, the Court should grant the Amended Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[5]

## V. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **GRANT in part** the Amended Petition, Doc. 7, for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 6, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **November 12, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual

---

[5] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of October, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE